UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                     Case No. 19-cr-20487

v.                                          Hon. Denise Page Hood

CHRISTOPHER MARTIN,

       Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION TO REVOKE
DETENTION ORDER, RELEASE DEFENDANT ON
UNSECURED BOND PENDING TRIAL [ECF No. 20]**

**I.    Introduction**

On September 26, 2019, Defendant filed a Motion to Revoke Detention Order, Release Defendant on Unsecured Bond Pending Trial ("Motion to Revoke"). [ECF No. 20] The Government filed a response on October 7, 2019. No reply was submitted. On October 18, 2019, Defendant pleaded guilty and the Court then held a hearing on the Motion to Revoke. For the reasons that follow, the Court denies the Motion to Revoke.

**II.    Background**

On July 10, 2019, a Complaint was sworn against Defendant on the charge of Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1). On July 15, 2019, Magistrate Judge Mona K. Majzoub entered an Order of Detention Pending Trial, which stated, in part:

Defendant is charged in a criminal complaint with Felon in Possession of a firearm. He is 29 years old, and has been continuously involved with the criminal justice system for at least the last nine years. He is single and for the past two years has lived with his girlfriend with their two children and her three children in her home. For the past four weeks he has been employed at City Ramen as a dishwasher. He has had multiple jobs at fast food restaurants over the years for sporadic periods of time. Defendant was diagnosed with depression and Bipolar Disorder in 2015 and is prescribed medications for both. Two years ago he attempted suicide with prescription pills. He currently uses marijuana on a daily basis and has a history of alcohol abuse. He reports that in 2015 he successfully completed a 90 day inpatient drug program. Defendant's criminal history is replete with convictions for felony controlled substances, possession of marijuana, receiving and concealing, followed by sentences of supervision. It appears that with each and every sentence of supervised release he has violated for failing to report, failing to appear at his violation hearings, engaging in new criminal activity while under supervision, failing to register, testing positive for marijuana multiple times, failing to complete alternative work force programs, failing to provide verification of educational status, failing to complete drug treatment programs, failing to report for drug testing, and moving without prior permission from Pretrial Services. Judge Cohn in this court revoked his supervised release on his first federal FIP case and ordered him to serve three months custody in the BOP. None of this has proved to be a deterrent as Defendant is now charged in his second FIP case having been found walking the streets with a semi-automatic weapon with an extended magazine on his person. Additionally Defendant has three outstanding warrants. Defendant seeks a bond and the Government moves for his detention. Pretrial Services interviewed the Defendant and concludes that he poses both a risk of flight and a danger and recommends detention. This Court finds that there is clear and convincing evidence that Defendant poses a danger to the community (substance abuse history, mental health history, failing to comply with conditions of supervision and orders of the court, criminal activity while under supervision, continuing pattern of similar criminal activity, the nature of the instant charges) and that a preponderence of the evidence establishes him as a flight risk (mental health history, substance abuse history, history of failing to appear, and repeated pattern of non-compliance with conditions of supervision). The statutory factors were reviewed which on balance favor detention. There is no condition or combination of conditions which would assure Defendant's appearance or the safety of the community. De[]tention is therefore Ordered.

ECF No. 8, PgID 13.

Magistrate Judge Majzoub specified as reasons for detention: (a) the weight of the evidence against Defendant is strong; (b) his prior criminal history; (c) his history of violence or use of weapons; and (d) the lack of financially responsible sureties. *Id.* at PgID 12. For these reasons, Magistrate Judge Majzoub concluded "[b]y clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community . . . [or] the defendant's appearance as required." *Id.* On July 18, 2019, Plaintiff was indicted on the Felon in Possession charge.

### III. Applicable Law

The Bail Reform Act, 18 U.S.C. § 3142, ordinarily requires that a defendant be released pending trial. *See* 18 U.S.C. § 3142(e). A court may, however, order detention of the defendant if the court finds that no set of conditions will reasonably assure the appearance of the person at future court proceedings and the safety of the community. *See* 18 U.S.C. § 3142(f). In reaching this determination, the district court must take into account available information concerning: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger posed by the defendant's release (*i.e.*, "the Section 3142(g) factors"). 18 U.S.C. § 3142(g). The offense with which Defendant is charged does not fall within the enumerated offenses in 18 U.S.C. § 3142(f)(1), so there are no presumptions favoring detention pursuant to 18 U.S.C. § 3142(e)(2) or (3).

3

## IV. Analysis

Defendant asks this Court to review the Magistrate Judge's order of detention pursuant to 18 U.S.C. § 3145(b). Defendant has not asked this Court to reopen a detention hearing (which is not possible, as this Court has never addressed Defendant's detention), and the provisions of 18 U.S.C. § 3142(f)(2) are inapplicable. The Court's review of the Magistrate Judge's order of detention is *de novo*, and the Court must determine independently whether detention is proper. *See, e.g., United States v. Montgomery*, 2010 WL 1052339, at *1 (E.D. Mich. 2010).

In the Motion to Revoke, Defendant offers, at most, very limited reasons why his detention order should be revoked and why he should be released on bond. Defendant first conclusorily states, without support, that he "believes that there are conditions of release which this Court could impose that will assure [his] appearance at all future court proceedings, as well as the safety of the community, as stated in 18 U.S.C. § 3142(c)." ECF No. 20, PgID 39. Defendant does not specify what those conditions might be or whether he would be willing to subject himself to those conditions.

Defendant "believes he is not a flight risk and if released would appear as directed at all future court hearings." *Id*. at PgID 40. He acknowledges that he has a prior criminal history, but indicates that if released on bond, he would live with his fiancé and their two children in the City of Detroit and would find a employment quickly, particularly if it were a condition of release. *Id.*

4

The Government notes that Defendant was living with his fiancé (his children's mother) when he engaged in the conduct for which he is charged under the indictment. The Government states that any suggestion that such a living arrangement will prevent criminal activity lacks credibility. The Government asserts that Defendant: (1) has abused drugs and alcohol at least since he was 19 years old, with weekly use of marijuana and daily consumption of alcohol (a pint of liquor or 12-15 beers each night); (2) does not regularly take prescribed medication (Seroquel and Trazadone, for bipolar disorder, anxiety, and depression); (3) purchased the gun that supports the felon-in-possession charge from someone he met in jail; (4) has nine years of criminal history, including convictions for breaking and entering, attempted delivery of a controlled substance, receiving and concealing stolen property, possession of marijuna, and a prior federal felon-in-possession of a firearm conviction; (5) has outstanding bench warrants (two or three); (6) repeatedly has failed to appear in court and for pretrial/probation appointments; (7) tested positive for marijuana 10 times while on pretrial release; (8) was terminated from a federal Residential Re-entry Center; (9) had his supervised release revoked and was sentenced to three months in federal prison by Judge Avern Cohn; and (10) has never successfully completed any term of pretrial release or probation.

Since the Motion to Revoke was briefed, Defendant pleaded guilty, and his plea agreement provides for a term of imprisonment. Once a person has been convicted and is awaiting sentence that includes a term of imprisonment, as is the case with Defendant, the Court "shall order that a person who has been found guilty of an

offense and who is awaiting imposition or execution of sentence . . . be detained, unless the [Court] finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c)." 18 U.S.C. § 3143(a)(1) (emphasis added).

For the reasons that follow, the Court is not persuaded that there is clear and convincing evidence that Defendant is not likely to: (a) flee; or (b) pose a danger to the safety of any other person or the community. Accordingly, pursuant to the terms of 18 U.S.C. § 3143(a)(1), the Court must order that Defendant continue to be detained.

*1. Risk of Flight*

Magistrate Judge Majzoub concluded that a preponderance of the evidence supported a finding that Defendant was a risk of flight due to his "mental health history, substance abuse history, history of failing to appear, and repeated pattern of non-compliance with conditions of supervision." The Court agrees with Magistrate Judge Majzoub's assessment. Defendant has offered no explanation of why Magistrate Judge Majzoub was wrong, how his behavior has changed, or why this Court should conclude that his past behavior does not demonstrate a likelihood that he will fail to appear or comply with the conditions of his bond. The Court specifically notes that:

> with each and every sentence of supervised release he has violated for failing to report, failing to appear at his violation hearings, . . . failing to register, . . . failing to complete alternative work force programs, failing to provide verification of educational status, failing to complete drug treatment programs, failing to report for drug testing, and moving without prior permission from Pretrial Services.

6

ECF No. 8, PgID 13. The Court cannot find by clear and convincing evidence that Defendant is unlikely to flee or not appear for future court proceedings if on bond.

    2.    *Danger to the Community*

Magistrate Judge Majzoub found that, because of Defendant's "substance abuse history, mental health history, fail[ure] to comply with conditions of supervision and orders of the court, criminal activity while under supervision, continuing pattern of similar criminal activity, [and] the nature of the instant charges," there is clear and convincing evidence that he poses a danger to the community. Again, Defendant has offered no explanation of why Magistrate Judge Majzoub was wrong, how his behavior has changed, or why this Court should conclude that his past behavior does not establish by clear and convincing evidence that he is a danger to the community. The Court notes, in particular, that:

> Judge Cohn in this court revoked his supervised release on his first federal FIP case and ordered him to serve three months custody in the BOP. None of this has proved to be a deterrent as Defendant is now charged in his second FIP case having been found walking the streets with a semi-automatic weapon with an extended magazine on his person. . . . Pretrial Services interviewed the Defendant and concludes that he poses both a risk of flight and a danger and recommends detention.

ECF No. 8, PgID 13. Accordingly, the Court cannot find by clear and convincing evidence that Defendant is not a danger to the community.

**V.    Conclusion**

The Court finds that the Government has shown by a preponderance of evidence that Defendant is a risk of flight if he is released. The Court also finds that the Government has shown by clear and convincing evidence that Defendant is a danger to the community. Defendant has pleaded guilty, he is no longer presumed innocent, and his plea agreement provides for a term of imprisonment. For the reasons stated, after considering the Section 3142(g) factors, the Court finds that:

A. Defendant has not demonstrated by clear and convincing evidence that he is not likely to flee or pose a danger to the safety of any other person or the community if released, *see* 18 U.S.C. § 3143(a)(1); and

B. No set of conditions will reasonably assure the appearance of the person and the safety of the community.

The Court denies the Motion to Revoke and orders that Defendant remain detained pending trial. *See* 18 U.S.C. § 3142(f).

Accordingly,

IT IS ORDERED that Defendant's Motion to Revoke [Dkt. No. 20] is **DENIED**.

IT IS ORDERED.

s/Denise Page Hood
DENISE PAGE HOOD
Dated: October 30, 2019          UNITED STATES DISTRICT JUDGE